**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. KYLE GOINS,<br>2. KARI GOINS,<br><br>      Plaintiffs,<br><br>v.<br><br>1. CSAA FIRE & CASUALTY INSURANCE<br>   COMPANY, a foreign for profit Insurance<br>   Corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.:17-cv-347-JHP-mjx<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

## **A. Parties**

1. Plaintiffs, Kyle Goins and Kari Goins, are each citizens of the state of Oklahoma.

2. Defendant, CSAA Fire & Casualty Insurance Company, is a foreign for-profit insurance corporation, incorporated and organized under the laws of the State of Indiana.

3. The principal place of business for Defendant, CSAA Fire & Casualty Insurance Company, is Walnut Creek, California.

4. The Defendant, CSAA Fire & Casualty Insurance Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, the Plaintiffs, Kyle Goins and Kari Goins, owned a home located at 514 W. 54th Street in Sand Springs, Oklahoma, which was insured under the terms and conditions of a homeowners insurance policy, policy number HO3-003579457, issued by the Defendant, CSAA Fire & Casualty Insurance Company.

8. At all times material hereto, the Plaintiffs, Kyle Goins and Kari Goins, complied with the terms and conditions of their insurance policy.

9. On or about July 15, 2016, the Plaintiffs' home sustained damage as a result of wind. These damages are covered pursuant to the terms and conditions of Plaintiffs' insurance policy.

10. Wind is a covered peril not limited or excluded pursuant to the terms and conditions of Plaintiffs' homeowners insurance policy.

## D. Count I: Breach of Contract

11. Plaintiffs, Kyle Goins and Kari Goins, hereby assert, allege and

incorporate paragraphs 1-10 herein.

12. The homeowners insurance policy, policy number HO3-003579457, issued by Defendant, CSAA Fire & Casualty Insurance Company, was in effect on July 15, 2016.

13. Subsequent to the July 15, 2016 wind storm, Plaintiffs, Kyle Goins and Kari Goins, timely submitted a claim to Defendant, CSAA Fire & Casualty Insurance Company. Defendant refused to issue payment to fully repair and/or replace Plaintiffs' obviously wind damaged roofing system. Defendant's refusal to pay for repair and/or replacement of the Plaintiffs' wind damaged roofing system constitutes a breach of the insurance policy.

14. The acts and omissions of Defendant, CSAA Fire & Casualty Insurance Company, in the investigation, evaluation, and denial of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought. Defendant, CSAA Fire & Casualty Insurance Company, breached its contract with Plaintiffs, Kyle Goins and Kari Goins, by failing to conduct a reasonable investigation of the Plaintiffs' claim and by improperly denying payment and coverage for Plaintiffs' obviously wind damaged roofing system. Defendant ignored and refused to consider obvious evidence of wind damage, such as uplifted roofing shingles, and denied the Plaintiffs' claim improperly, without adequate investigation, and without any reasonable basis.

### E. Count II: Bad Faith

15.     Plaintiffs, Kyle Goins and Kari Goins, hereby assert, allege and incorporate paragraphs 1-14 herein.

16.     The acts and omissions of the Defendant, CSAA Fire & Casualty Insurance Company, in the investigation, evaluation and payment of Plaintiffs' claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

17.     Defendant CSAA Fire & Casualty Insurance Company's refusal to pay the cost to fully repair and/or replace the Plaintiffs' obviously wind damaged roofing systems is a bad faith breach of Plaintiffs' insurance policy. Defendant, CSAA Fire & Casualty Insurance Company, acted in bad faith by failing to conduct a reasonable investigation of the Plaintiffs' claim and by improperly denying payment and coverage for Plaintiffs' obviously wind damaged roofing system. Defendant ignored and refused to consider obvious evidence of wind damage, such as uplifted roofing shingles, and denied the Plaintiffs' claim improperly, without adequate investigation, and without any reasonable basis.

18.     Defendant CSAA Fire & Casualty Insurance Company's unreasonable refusal to pay for the damage to Plaintiffs' roofing system was unreasonable, outside of insurance industry standards, and was committed in bad faith.

### F. Punitive Damages

19. Plaintiffs, Kyle Goins and Kari Goins, hereby assert, allege and incorporate paragraphs 1-18 herein.

20. The unreasonable conduct of the Defendant, CSAA Fire & Casualty Insurance Company, in the handling of Plaintiffs' claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiffs, Kyle Goins and Kari Goins, for which punitive damages are hereby sought.

### G. Demand for Jury Trial

21. Plaintiffs, Kyle Goins and Kari Goins, hereby request that the matters set forth herein be determined by a jury of their peers.

### H. Prayer

22. Having properly pled, Plaintiffs, Kyle Goins and Kari Goins, hereby seek contractual, bad faith and punitive damages against the Defendant, CSAA Fire & Casualty Insurance Company, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFFS**